IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NANCY L. MARQUARDT,

                Plaintiff,

  v.

DENIS R. MCDONOUGH,

                Defendant.

OPINION and ORDER

21-cv-393-wmc[1]

---

      Pro se plaintiff Nancy L. Marquardt alleges that she was discriminated against, harassed, and retaliated against by her employer. Marquardt seeks relief under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) and her allegations suggest potential claims under the Rehabilitation Act and the Age Discrimination in Employment Act (ADEA).

      The court granted Marquardt's motion to proceed in forma pauperis. Because Marquardt proceeds in forma pauperis, I must screen her complaint under 28 U.S.C. § 1915(e)(2)(B). I must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept the complaint's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Because Marquardt has failed to state a claim upon which relief may be granted, I will dismiss the complaint. But I will allow Marquardt to

---

[1] I am exercising jurisdiction over this case solely for screening purposes.

file an amended complaint that corrects the problems with her Rehabilitation Act and ADEA claims.

## ALLEGATIONS OF FACT

Marquardt worked as a registered nurse at the U.S. Department of Veterans Affairs Medical Center in Milwaukee (VA Milwaukee). After working there for approximately seven months, Marquardt was terminated during her probationary period. According to Marquardt, the VA Milwaukee violated USERRA "for the duration of her employment." After Marquardt complained that the VA Milwaukee refused to comply with USERRA, Marquardt "was harassed within a hostile work environment and terminated on the basis of age discrimination and disability." Marquart filed an employment discrimination claim with the EEOC that was improperly dismissed.

## ANALYSIS

### A. Discrimination and harassment

Generally, to state a claim for employment discrimination, a "plaintiff need only identify the type of discrimination, when it occurred, and by whom." *Clark v. L. Off. of Terrence Kennedy, Jr.*, 709 F. App'x 826, 829 (7th Cir. 2017). To state a claim under the ADEA, the plaintiff also must allege that the discrimination was because she was "older." *See Gove v. Sargento Foods, Inc.*, 860 F. App'x 446, 449 (7th Cir. 2021); *cf. O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996) (the ADEA's protection is limited to "those who are 40 and older").

Marquardt alleges that VA Milwaukee discriminated against and harassed based on her age and disability, but she offers little more than "labels and conclusions" to support this allegation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Marquardt does not identify the VA Milwaukee employees who participated in this alleged mistreatment or provide any dates for the alleged mistreatment other than her date of termination. Marquardt's allegations of discrimination and harassment are too conclusory "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (alteration adopted); *see also Iqbal*, 556 U.S. at 678–79. Marquardt's ADEA claims are also deficient because she failed to plead that she was discriminated against and harassed because she was older. I will disallow Marquardt's discrimination and harassment claims but grant her leave to amend these claims.

**B. Retaliation**

Generally, to state a retaliation claim in the employment context, the plaintiff must allege that her employer took adverse action against her because she complained internally, or filed an EEOC charge, about mistreatment. *See Gove*, 860 F. App'x at 449; *Clark*, 709 F. App'x at 829. To proceed under a particular employment statute, the complaint of mistreatment must relate to a class that the statute protects, such as age or disability. *See McHale v. McDonough*, 41 F.4th 866, 872 (7th Cir. 2022); *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663–64 (7th Cir. 2006).

Marquardt alleges that she complained that the VA Milwaukee failed to comply with USERRA and filed an EEOC charge about "employment discrimination." Marquardt's complaint about USERRA is not protected activity under the Rehabilitation Act or ADEA because these statutes don't protect being servicemembers as a class. Marquardt's bare assertion

3

that she filed an EEOC charge about "employment discrimination" does not suggest that this discrimination was based on age or disability discrimination. *See Tomanovich*, 457 F.3d at 663 ("Merely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient."). I will dismiss Marquardt's retaliation claims but grant her leave to amend these claims.

**C. USERRA**

"USERRA prohibits employment discrimination against members of the armed services." *Arroyo v. Volvo Grp. N. Am., LLC*, 805 F.3d 278, 284 (7th Cir. 2015). USERRA also prohibits an employer from retaliating against a member of the armed services who "engage[s] in activity protected under USERRA." *See Gross v. PPG Indus., Inc.*, 636 F.3d 884, 892 (7th Cir. 2011); *Crews v. City of Mt. Vernon*, 567 F.3d 860, 868 (7th Cir. 2009). Where, as here, the employer is a federal executive agency, § 4324 of USERRA applies. *See Dew v. United States*, 192 F.3d 366, 372 (2d Cir. 1999). Section 4323 "does not authorize a private USERRA action against the Federal Government, as an employer, in federal district court; rather, it confers jurisdiction upon the Merit Systems Protection Board." *Id.*; *see also Ziegler v. Kempthorne*, 266 F. App'x 505, 506 (8th Cir. 2008) (per curiam); *Padilla-Ruiz v. United States*, 593 F. App'x 1, 5 (1st Cir. 2015). Because I do not have jurisdiction over Marquardt's USERRA claim, I will dismiss this claim without leave to amend.

I will give Marquardt a final chance to amend her complaint to fix, if possible, the problems with her Rehabilitation Act and ADEA claims.

4

ORDER

IT IS ORDERED that:

1. Plaintiff Nancy L. Marquardt's complaint, Dkt. 1, is DISMISSED. Plaintiff's USERRA claim is DISMISSED without leave to amend, and plaintiff's Rehabilitation Act and ADEA claims are DISMISSED with leave to amend.

2. Plaintiff may have until March 24, 2023, to submit an amended complaint that corrects, if possible, the deficiencies in her Rehabilitation Act and ADEA claims.

3. Plaintiff must file her amended complaint on the court's nonprisoner complaint form, which the court will send her with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege her claims, she may submit no more than five supplemental pages.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff does not comply with this order, I may dismiss the case.

6. It is plaintiff's obligation to inform the court of any new address. If she fails to do this and defendant or the court is unable to locate her, her claims may be dismissed for her failure to prosecute them.

7. The clerk of court is directed to send plaintiff copies of this order and the court's nonprisoner complaint form.

Entered February 22, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge