IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NANCY L. MARQUARDT,

                Plaintiff,                OPINION AND ORDER

v.

                                            21-cv-393-wmc

DENIS R. MCDONOUGH,

                Defendant.

---

*Pro se* plaintiff Nancy L. Marquardt is proceeding on disability discrimination and hostile work environment claims under the Age Discrimination in Employment Act ("ADEA") and a disability claim under the Rehabilitation Act. (Dkt. #8.) Defendant Denis R. McDonough moves to transfer venue to the Eastern District of Wisconsin for the convenience of the parties and witnesses. (Dkt. #14.) For the following reasons, the court will deny that motion.

OPINION

The first question in resolving defendant's motion to transfer is whether venue is even proper in the Eastern District for plaintiff's claims. It is. Because "[t]he ADEA does not have its own venue provision; the general venue statute applies." *King v. Wilkie*, No. 17-cv-1337, 2020 WL 1248355, at *1 (S.D. Ill. Mar. 16, 2020). As relevant here, where the defendant is an officer or employee of the United States or any of its agencies and is sued in his official capacity, venue is proper where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(e)(1). Because Marquardt alleges that the underlying events occurred at the VA in Milwaukee, venue is certainly

proper in the Eastern District for her ADEA claim. Venue is also proper in that district for plaintiff's Rehabilitation Act claim. Title VII's venue provision applies to that claim. *King*, 2020 WL 1248355, at *1. Relevant here, "[s]uch an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). Because Marquardt alleges that she suffered discrimination and harassment at the VA in Milwaukee, Wisconsin, therefore, venue is proper in the Eastern District for her Rehabilitation Act claim under both prongs of 5(f)(3) as well.

The second, closer question is whether transfer to the Eastern District is more convenient and just. A federal district court may transfer an action to another district where venue is proper for "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "Determining whether these criteria are met requires an analysis of (1) the plaintiff's choice of forum; (2) the convenience to parties; (3) the convenience to witnesses; and (4) the interests of justice." *Illumina, Inc. v. Affymetrix, Inc.*, No. 09-cv-277-bbc, 2009 WL 3062786, at *2 (W.D. Wis. Sept. 21, 2009). The plaintiff's choice of forum generally receives substantial deference, especially if it is her home forum, but has minimal value if the underlying events occurred in another forum. *See Chicago, R.I. & P.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955); *Almond v. Pollard*, No. 09-cv-335-bbc, 2010 WL 2024099, at *2 (W.D. Wis. May 18, 2010). However, the movant still "has the burden of establishing, by reference to particular circumstances, that the transferee

2

forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

The court begins with the first two factors: the plaintiff's choice of forum and the convenience to the parties. Although plaintiff's choice of forum receives minimal deference because the underlying events occurred in Milwaukee, it is unclear how trying the case in the Eastern District would be clearly more convenient for defendant because plaintiff sued him officially. Therefore, these two factors are neutral at best. Next, the court considers the convenience to the witnesses, which does not weigh heavily in defendant's favor.

An inquiry into convenience generally focuses on "the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Dawson v. Res-Care, Inc.*, No. 17-cv-785-jdp, 2019 WL 1177723, at *1 (W.D. Wis. Mar. 13, 2019). Gina M. Ozelie, a staff attorney for the U.S. Department for Veterans Affairs, attests that all but one of the individuals that plaintiff alleges discriminated against her are employed at the VA in Milwaukee (the other individual, Tanny Soukup, is retired). (Dkt. #16 at ¶ 3.) Ozelie also attests that all the individuals identified in the amended complaint reside in the Eastern District. *Id.* Therefore, if this case goes to trial, it will be more convenient for these potential witnesses to attend court in the Eastern District. (Dkt. #15 at 8.)

However, the amended complaint and Ozelie's declaration suggest that these potential witnesses work for the VA in Milwaukee, which makes this factor weigh less heavily in defendant's favor "because of the assumption that witnesses within the control of the party calling them, such as employees, will appear voluntarily, that is, at least without subpoena." *Illumina*, 2009 WL 3062786, at *3. Defendant also assumes that all

3

of the individuals identified in the amended complaint will need to testify, but plaintiff largely bases her claims on the actions of Soukup and Donna Johnson.  (*See* dkt. #8.) Defendant may present other witnesses, but he has not shown a likelihood that numerous witnesses will testify or specifically described (apart from the greater driving time) how defending the suit in this district will inconvenience the potential witnesses.  *Cf. Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 757 n.2 (3d Cir. 1973) (motion to transfer venue may be supported with "statements . . . of the business difficulties or personal hardships that might result from their having to defend against the suit in the district court where it was originally brought").

That said, "the location of material events and material evidence" still generally favors defendant.  *See King*, 2020 WL 1248355, at *2.  For example, "any relevant documents are likely to be located" at the VA in Milwaukee.  (Dkt. #15 at 9.)  However, given nearly universal reliance on electronic documents, defendant has not explained why it would be unduly burdensome to transport that evidence to either district.  *See Milwaukee Elec. Tool Corp. v. Black & Decker (N.A.) Inc.*, 392 F. Supp. 2d 1062, 1064 (W.D. Wis. 2005) ("[T]echnological advancements have diminished traditional concerns related to ease of access to sources of proof. . . . documents . . . can be transported . . . in a fast and relatively inexpensive manner.").  In short, the convenience considerations favor defendant slightly, but certainly not decisively.

As for the remaining interests of justice factor, the court must consider "such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case."  *Heller Fin., Inc. v. Midwhey Powder Co.*,

4

883 F.2d 1286, 1293 (7th Cir. 1989) (alteration adopted).  Courts also may consider "the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 708 (7th Cir. 2020).  Defendant contends that the speed of litigation weighs slightly in favor of transfer, but that is debatable considering his own statistics indicate that the time from "filing to civil trial is shorter in the Western District."  (Dkt. #15 at 10.)  Moreover, having progressed this far in the Western District, an earlier resolution here is all but a certainty. Defendant also contends that the desirability of resolving controversies in each locale and each community's relationship to the controversy support transfer.  Although the Milwaukee community served by the Eastern District may have a *greater* interest in resolving claims of discrimination at the VA there, that is not to say that the community served by the Western District has *no* interest in resolving claims of discrimination occurring in Wisconsin against a Madison resident, particularly with a substantial VA hospital located in the Madison community as well. *Cf. Banks v. Johnson*, No. 19-cv-793-wmc, 2022 WL 124016, at *2 (W.D. Wis. Jan. 13, 2022) ("This factor is neutral or weighs slightly in favor of transfer, since the community served by the Eastern District of Wisconsin may have a greater interest in resolving claims involving conditions of confinement at MSDF.").  Finally, defendant admits that the other factors informing the "interests of justice" determination weigh neither for nor against transfer. (Dkt. #15 at 9-10 and n.5.)

On balance, defendant has shown that some of the § 1404(a) criteria favor transfer to the Eastern District slightly, but not enough to conclude that the Eastern District is the

"*clearly* more convenient [forum]." *Coffey*, 796 F.2d at 220 (emphasis added). The court understands defendant's desire to litigate in the Eastern District where most of the events underlying plaintiff's claims occurred, but considering the "particular circumstances" of this case, *id.*, the court cannot say that "the balance [of factors] is *strongly* in favor of transfer." *Innovaport, LLC v. Target Corp.*, No. 22-cv-425-wmc, 2023 WL 4185949, at *1 (W.D. Wis. June 26, 2023) (emphasis added). Thus, the motion will be denied.

## ORDER

IT IS ORDERED that defendant Denis R. McDonough's motion to transfer to the Eastern District of Wisconsin (dkt. #14) is DENIED; the clerk of court is directed to set a telephonic preliminary pretrial conference with the magistrate judge.

Entered this 6th day of November, 2023.

                         BY THE COURT:

                         /s/

                         _____
                         WILLIAM M. CONLEY
                         District Judge