IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NANCY L. MARQUARDT,

    Plaintiff,

v.                          Case No. 21-cv-393-wmc

DENIS R. McDONOUGH, Secretary,
Department of Veterans Affairs,

    Defendant.

---

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO PROVIDE DISCOVERY RESPONSES**

---

**INTRODUCTION**

After delaying over two months, Marquardt finally, but inadequately, responded to Defendant's initial discovery requests by providing only a handful of documents and incomplete Interrogatory responses. Defendant notified Marquardt of these deficiencies, but Marquardt failed to supplement her responses and document production by the requested deadline. She has provided no explanation for this failure.

Marquardt's repeated delays and ongoing failure to provide discovery is hampering Defendant's ability to defend this lawsuit. Although Defendant has made every effort to accommodate Marquardt's pro se status by agreeing to two extensions and providing instructions and explanations for proper responses, Marquardt failed to

turn over basic information that Defendant needs to investigate and prepare a defense to her employment discrimination claims.

Accordingly, Defendant requests that the Court enter an Order requiring Marquardt to supplement her responses to Interrogatory Nos. 1-7, 9, 11, 18, and 19, and Requests for Production Nos. 1-14 and 16-18.

## BACKGROUND

This Court has granted Marquardt leave to proceed in a suit under the ADEA for age discrimination and a hostile work environment, and under the Rehabilitation Act for disability discrimination, while she was employed as a nurse at the Department of Veterans Affairs Medical Center in Milwaukee, Wisconsin. ECF 8.

On March 6, 2024, Defendant served Marquardt with his First Sets of Interrogatories and Requests for Production, which sought basic information about the factual basis for Marquardt's claims and alleged damages, as well as employment and medical histories. Declaration of Wendy Ward, dated June 25, 2024 (Ward Decl.), ¶ 2, Exs. 1, 2. Marquardt's responses were due April 5, 2024. Fed. R. Civ. P. 33 and 34.

Instead of responding to the discovery requests, Marquardt notified Defendant's counsel on the deadline for response that she required "at least a four week extension" due to an illness and dental surgery. Ward Decl., ¶ 3.a., Ex. 3.[1] Defendant agreed to extend the deadline to May 3, 2024, with respect to the responses, but requested return

---

[1] Ward Declaration Exhibits 3, 7, and 8 are filed under seal because they contain healthcare related information. Pursuant to the Protective Order, and in an abundance of caution, information relating to Marquardt's health and medical treatment has been redacted in the public version of those exhibits.

2

of signed release forms for employment, military, worker's compensation, and healthcare records by April 12, 2024.[2] *Id.* Marquardt neither provided the release forms by this date, nor requested a further extension. *Id.* Accordingly, on April 19, 2024, Defendant sent a follow-up email to Marquardt again requesting that Marquardt provide the signed releases. *Id*. Marquardt did not respond to this email communication. *Id.*

Instead, on May 3, 2024, the extended deadline for Marquardt's responses, Marquardt filed her fourth motion for assistance of counsel.[3] ECF 29, 30. She also sent an email to a legal assistant at the U.S. Attorney's Office, attaching her motion and stating, "I filed the attached document with the court today. I'm still working on completing the Discovery questions. I request an extension." Ward Decl., ¶ 3.b., Ex. 4.

On May 6, 2024, Defendant sent an email to Marquardt, notifying her that despite the arguments made in her motion for appointment of counsel: 1) she is nevertheless obligated to provide the requested discovery; 2) she has not attempted to negotiate narrower requests, nor requested a protective order; 3) Defendant's requested discovery is relevant and of appropriate scope; 4) Defendant would file a motion for a protective order to address Marquardt's concerns regarding confidentiality of her personal information; 5) a further extension for good cause would be considered (asking that any such requests be made at least one week in advance). Ward Decl., ¶ 3.c., Ex. 5.  Moreover, Marquardt was invited to contact Defendant's counsel if she

---

[2] See Document Request Nos. 14-18 (Ward Decl., ¶ 2, Ex. 2).

[3] The Court denied this motion without prejudice on May 7, 2024. ECF 30.

contended medical record requests should be limited to a certain period. *Id.* Marquardt did not respond to this correspondence. *Id.*

On May 13, 2024, Defendant sent yet another email to Marquardt, requesting complete responses to Defendant's Interrogatories and Requests for Production of Documents (including signed release forms) by May 20, 2024. Ward Decl., ¶ 3.d., Ex. 6.

Marquardt responded on May 16, 2024. Ward Decl., ¶ 3.e., Ex. 7.[4] She again expressed concern about the confidentiality of her personal information and inquired whether counsel would be agreeable to narrow the scope of the requests. *Id.* Finally, she indicated that she "believe[d] that [she] continue[d] to be ill with some type of upper respiratory infection," and requested an additional extension of "at least another two or hopefully more weeks." *Id.*

Defendant responded the next day, May 17, 2024, agreeing to the requested two-week extension to May 31, 2024, but informing Marquardt that Defendant would be unable to agree to any further extensions. Ward Decl., ¶ 3.e., Ex. 7. Defendant also attached a copy of a proposed protective order to alleviate Marquardt's concerns regarding confidentiality.[5] *Id.* Moreover, Defendant noted that the requested discovery was narrowly tailored to obtain relevant information, but nevertheless invited Marquardt to propose a narrower scope for consideration. *Id.*

---

[4] See fn. 1.

[5] The Motion for Protective Order was filed on May 7, 2024, ECF 31. The Court suggested revisions, ECF 32, and the revised Protective Order was entered on June 11, 2024. ECF 34.

On May 31, the day Marquardt's responses were due, she provided incomplete, unverified responses to the interrogatories, and a very limited set of the requested documents, totaling 11 pages, including two incomplete release forms. Ward Decl., ¶ 4, Exs. 8, 9.[6] Defendant informed Marquardt on June 6 that her responses were deficient and requested that she supplement them by June 20, 2024. *Id.*, ¶ 5, Ex. 10. Marquardt neither responded to this correspondence, nor supplemented her responses. *Id.*

## ARGUMENT

Discovery is designed to help clarify issues, refine the case, and prepare it for trial. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978); *Life Plans, Inc. v. Security Life of Denver Ins. Co.,* 800 F.3d 343, 358 (7th Cir. 2015). As such, a party is required to provide complete, correct, and timely discovery responses. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A) (requiring answers to interrogatories and responses to request for production within 30 days of service). *See also Trane Co. v. Klutznick*, 87 F.R.D. 473, 476 (W.D. Wis. 1980) ("Under Rule 33 of the Federal Rules of Civil Procedure, a party must give full and complete answers to interrogatories served on him by another party."). Pro se litigants are not excused from responding to reasonable discovery requests. *Fletcher v. Wilkie*, No. 18-cv-456, 2020 WL 429478, *2 (W.D. Wis. Jan. 28, 2020). The Court's Preliminary Pretrial Conference Order informed Marquardt of her discovery obligations in this case. ECF 27.

---

[6] See fn. 1.

Where a responding party fails to comply with its discovery obligations, the requesting party may move for an order compelling compliance. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). The moving party must first certify that it has attempted to confer in good faith to obtain the discovery without court action. Fed. R. Civ. P. 37(a)(1).

**I.      The Court Should Compel Marquardt's Compliance With Her Discovery Obligations**

Despite receiving multiple extensions, Marquardt has essentially ignored her discovery obligations in this case. Her responses to most of the discovery requests have been significantly inadequate at best. Even though she is proceeding pro se, Marquardt must still comply with the Federal Rules of Civil Procedure, including responding to requests for discovery. *See Pearle Vision, Inc., v. Romm,* 541 F.3d 751, 758 (7th Cir. 2008) ("It is well established that pro se litigants are not excused from compliance with procedural rules.").

In her limited responses, Marquardt asserts that she has not had time to properly respond to Defendant's requests and will "update them upon request." *See* Ward Decl., ¶ 4, Ex. 8 at p. 2, Ex. 9 at p. 4. As this Court is aware, Marquardt has a duty not only to provide complete initial responses, but also an automatic and ongoing duty to timely supplement those responses, irrespective of any request from Defendant for her to do so. *See* Fed. R. Civ. P. 26(e)(1) ("A party who has responded to an interrogatory [or] request for production… must supplement or correct its disclosure or response…in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect…."). Many of Defendant's discovery requests ask

Marquardt to provide information and documents that she will be using to support her allegations in this case. She filed this suit in 2021 and the Court granted her leave to proceed in May 2023. As a result, Marquardt has had several years to gather and organize any information she will rely on to support her allegations. Therefore, as discussed more fully below, this Court should grant Defendant's motion to compel discovery in this case.

> **A.** **Marquardt has Failed to Provide Complete, Sworn Responses to Interrogatories**

> **1.** **Incomplete Responses to Interrogatory Nos. 1-7, 9, 11, 18, and 19**

Interrogatory Nos. 1-7. These interrogatories seek information about Marquardt's contentions in this suit:

> **Interrogatory No. 1**: Identify in detail every instance in which you claim you were discriminated against based on your age while working at the VA-Milwaukee, including but not limited to the individuals that you contend discriminated against you based on your age, the dates on which such discrimination took place, any witness to each alleged instance of discrimination, and all other specific details regarding each incident of alleged discrimination based on age.
>
> **Interrogatory No. 2**: If you contend that Similarly-Situated Employees (defined above) of a younger age were treated better than you by the VA, identify each Similarly-Situated Employee, providing the name of each such employee, the name of the employee's supervisor at the time of such treatment, the employee's position at the time, how the employee was similarly situated, and all details explaining how you were treated differently from the employee.
>
> **Interrogatory No. 3**: If you contend that you were subject to a hostile work environment on the basis of your age by the VA, identify all facts that support your contention, including but not limited to, the nature of the hostile work environment, the individuals you contend subjected you to a hostile work environment based on your age, and the actions by each such individuals that you contend created a hostile work environment based on your age.

>**Interrogatory No. 4**:  Identify in detail every instance in which you claim you were discriminated against based on a disability while working at the VA-Milwaukee, including but not limited to the nature of each alleged disability, the individuals that you contend discriminated against you based on your alleged disability, how such individuals became aware of each alleged disability, the dates on which such discrimination took place, any witness to each alleged instance of discrimination, and all other specific details regarding each incident of alleged discrimination based on your alleged disability.
>
>**Interrogatory No. 5**:  If you contend that you were subjected to an Adverse Employment Action (defined above) by the VA on the basis of a disability, identify each Adverse Employment Action, the nature of each alleged disability that you allege was the basis for the Adverse Employment Action, the individuals you contend took the Adverse Employment Action based on your disability, and the dates on which such Adverse Employment Action took place.
>
>**Interrogatory No. 6**:  If you contend that Similarly-Situated Employees (defined above) without a disability were treated better than you by the VA, identify each Similarly-Situated Employee, providing the name of each such employee, the name of the employee's supervisor at the time of such treatment, the employee's position at the time, how the employee was similarly situated, and all details explaining how you were treated differently from the employee because of your alleged disability.
>
>**Interrogatory No. 7:** For every alleged disability you identified in Interrogatory Nos. 4-6 above, identify any physical or mental impairment related to that disability that substantially limits a Major Life Activity (defined above), any record that exists of such an impairment, and whether any individuals at the VA-Milwaukee regarded or perceived you as having such an impairment.

Ward Decl., ¶ 2, Ex. 1.

In response to each, Marquardt merely stated, "Refer to the responses I provided to the EEOC investigator in 2019 and my EEOC case file." Ward Decl., ¶ 4, Ex. 8.

The purpose of contention interrogatories is to assist parties in narrowing and clarifying disputed issues, formulating additional discovery requests, preparing for depositions, and reducing the possibility of surprise at trial. *Kyoei Fire and Marine Ins.*

8

*Co. Ltd. V. M/V Maritime Antalya,* 248 F.R.D. 126, 157 (S.D.N.Y. 2007); *Hill-Rom Services, Inc. v. Tellisense Medical, LLC,* No. 1:17-cv-04725, TWP-MJD, 2019 WL 10888459, at *3 (S.D. Ind., Nov. 18, 2019). *See also Vidimos, Inc. v. Laser Lab Ltd.,* 99 F.3d 217, 222 (7th Cir. 1996) (noting that a party can serve contention interrogatories to minimize uncertainty as to the scope of the claims).

Pursuant to Fed. R. Civ. P. 33, a party must respond to contention interrogatories by providing, to the fullest extent possible, the known facts, as opposed to making general references to pleadings or other documents. *Kuriakose v. Veterans Affairs Ann Arbor Healthcare Sys.*, No. 14-cv-12972, 2016 WL 4662431, at *3 (E.D. Mich. Sept 7, 2016) ("Because Rule 33(b)[3] requires a party to answer each interrogatory 'fully,' it is technically improper and unresponsive for a party to answer an interrogatory by referring generally to outside material such as pleadings, depositions, or other interrogatories.") (quoting *Equal Rights Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 35 (D.D.C. 2007)) (alteration in original)); *see also Williams v. Sprint/United Mgt. Co.*, 235 F.R.D. 494, 501 (D. Kan. 2006) ("Plaintiffs may not answer the interrogatory by generally referring Defendant to the pleadings filed in this case, documents produced, opt-in questionnaires, depositions, or declarations."). The Court should therefore compel Marquardt to provide complete responses to Interrogatory Nos. 1-7.

Interrogatory No. 9. This interrogatory seeks information regarding Marquardt's attempts to seek or obtain employment after the date of her termination from the VA:

> **Interrogatory No. 9**: Identify with particularity all attempts that you have made to seek or obtain employment after October 19, 2018, including the following:

  a)  The name and address of the employer and the name, address, and telephone number of the person to whom such application or inquiry was made;

  b)  The dates or approximate dates of each application or inquiry, whether made orally or in writing;

  c)  The disposition of any such application or inquiry; and

  d)  A full description of your reasons for not accepting each such position and/or any reasons communicated to you as the grounds for you not being offered the position.

Ward Decl., ¶ 2, Ex. 1.

In response, Marquardt provided a narrative containing only general information about websites she used to search for jobs, and job fairs she attended. Ward Decl., ¶ 4, Ex. 8. She did not provide any of the requested details. Marquardt's response must be supplemented. *See Boldstar Tech., LLC v. Home Depot, U.S.A. Inc.*, No. 07-80435-CIV, 2008 WL 11320007, *2 (S.D. Fla. June 5, 2008) (parties are required to respond to interrogatories in the manner specifically requested by the interrogatory). Moreover, to the extent that Marquardt claims she doesn't remember the requested details about her job searches, but has information within her control, such as emails or access to her accounts on job application sites, she is obligated to locate and provide the requested information. *Id.* at *3 ("It is well settled that in responding to discovery requests, parties have a duty to make a bona fide attempt to respond to interrogatories, and parties cannot limit their answers to information within their own knowledge and ignore information that is immediately available to him or under his control."). The Court should order Marquardt to provide a complete response to Interrogatory No. 9.

Interrogatory No. 11. This interrogatory seeks identification of each individual with knowledge or information related to Marquardt's claims:

> **Interrogatory No. 11**: Identify each individual who has, or may have, knowledge or information related to your claims in this Lawsuit along with a description of the knowledge or information each individual might have.

Ward Decl., ¶ 2, Ex. 1.

In response, Marquardt did not identify a single individual, rather, she improperly listed various categories of individuals. Ward Decl., ¶ 4, Ex. 8. *See Williams*, 235 F.R.D. at 503 (granting motion to compel to require party to specifically identify all persons with knowledge relating to contentions). The Court should order Marquardt to *specifically* identify individuals, and to provide a description of the knowledge or information each individual has.

Interrogatory No. 18. This interrogatory seeks information regarding claims of discrimination that Marquardt has brought against other employers:

> **Interrogatory No. 18**: Identify in detail any claims you have brought, formally or informally, other than the claims in this action, against employers and/or supervisors who you claimed discriminated or retaliated against you on the basis of any protected characteristic.

Ward Decl., ¶ 2, Ex. 1.

In response, Marquardt stated, "[n]o other claims." However, her response to Interrogatory 19 (discussed below) identifies one such claim, which is clearly inconsistent. Defendant explained the inconsistency and requested that Marquardt supplement her response to Interrogatory 18. Ward Decl., ¶ 5, Ex. 10, pp. 3-4. She has failed to do so.

11

Defendant is entitled to discovery regarding Marquardt's history of claiming discrimination against employers. *See Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 496 (7th Cir. 1998) (evidence of prior claims against employers relevant and admissible because they demonstrated plaintiff's motive, state of mind, and credibility, and because they cast doubt on plaintiff's claim for emotional damages). The Court should compel Marquardt to provide a complete response.

Interrogatory 19. This interrogatory seeks information regarding any charge, complaint, lawsuit or legal action to which Marquardt has been named a party:

> **Interrogatory No. 19**: State whether you have been named as a party to any charge, complaint, lawsuit or legal action, including criminal, civil and administrative matters, and if so, identify in detail the specific circumstances of such matters, and the disposition of such matters, whether resolved formally or informally, or unresolved.

Ward Decl., ¶ 2, Ex. 1.

In response, Marquardt generally identified a claim against UW Medical Foundation, a "complaint against a landlord," a "complaint against an independent yard contractor," and her mother's probate case. Leaving aside whether Marquardt's general, vague descriptions of these cases are adequate, as requested in the interrogatory, Marquardt must state, in a verified response, whether she has been a party to any civil, criminal, or administrative charge, complaint, lawsuit or legal action. *See Boldstar,* 2008 WL 11320007 at *2 (parties are required to respond to interrogatories in the manner specifically requested by the interrogatory).

### 2. Unsworn Responses

Defendant has explained to Marquardt that she must answer the interrogatories under oath. Ward Decl., ¶ 5, Ex. 10, p. 2. Marquardt has yet to do so, and the Court should compel her compliance with this basic requirement in accordance with Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.").

### B. Marquardt Has Failed to Produce Documents in Response to Request for Production Nos. 1-14 and 16-18

Marquardt's responses to *all* of Defendant's requests for production included a boilerplate referral to the EEOC file that stated, "Refer to the responses I provided to the EEOC investigator in 2019 and my EEOC case file. I presently do not have the requested documents." Ward Decl., ¶ 4, Ex. 9. Marquardt's reliance on this response in refusing to provide documents is improper for at least three reasons.

First, a plaintiff in an employment discrimination suit may not reference the EEOC file in its entirety in lieu of providing the requested documents. *See Kline v. Berry*, 287 F.R.D. 75, 80 (D.D.C. 2012) ("Plaintiff's reliance on the [EEOC Reports of Investigation] in their entirety is not sufficient."); *Finkel v. Prudential Ins. Co. of America*, No. 17-cv-4732, 2018 WL 4940910, *3 (E.D. Penn. Oct. 12, 2018) (requiring plaintiff to supplement interrogatory responses to "specifically referenc[e] the responsive portions of the EEOC folders").

Second, with respect to most of the requests, Marquardt's stock response makes no sense because the EEOC file contains no responsive documents. For example,

Defendant has requested that Marquardt provide documents and communications related to the process by which she sought or obtained employment after she was terminated by the VA. Ward Decl., ¶ 2, Ex. 2, Request No. 11. Such documents would not be found within the EEOC investigation file pertaining to Marquardt's claims of discrimination.

Third, Marquardt's representation that she "presently do[es] not have the requested documents" fails as an excuse. As with her deficient interrogatory responses, if she has access to the documents, she must produce them. And to the extent that she alleges that once had the documents but no longer does, she must explain the disposition of the documents, *i.e.*, if they were lost or destroyed, when and how this occurred. *Super Film of America, Inc. v. UCB Films, Inc.*, 219 F.R.D. 649, 651 (D. Kan. 2004).

As further discussed below, Marquardt's document production is severely deficient.

        **1.**      **Requests for Documents**

Marquardt has not produced *any* documents in response to Request Nos. 1-8 or 10-13. Ward Decl., ¶ 4. Further, Request No. 9 seeks W-2s and any state or federal tax returns for 2018 through 2023. *Id.*, ¶ 2, Ex. 2. While Marquardt has provided W-2s for one employer, Costco Wholesale, for the requested period, she has not produced the requested state and federal tax returns. *Id.*, ¶ 4.

The Court should compel Marquardt to produce the requested documents and/or indicate that she has conducted a reasonable search for documents in her

14

custody or control. *See Fletcher v. Wilkie*, No. 18-cv-456, 2020 WL 429478, *2 (W.D. Wis. Jan. 28, 2020) (granting motion to compel tax return documents).

### 2. Records Release Authorizations

Request Nos. 14-18 seek completed release forms for medical records related to the disabilities Marquardt alleges are the basis for discrimination by the VA (Request Nos. 14 and 15), employment records for each non-federal employer for whom she has been employed for the period commencing 10 years prior to her employment with the VA to the present date (Request No. 16), a Privacy Act Authorization and Waiver for her worker's compensation claim (Request No. 17), and a release for her military records (Request No. 18). Ward Decl., ¶ 2, Ex. 2.

In response to these requests, Marquardt has provided only two completed release forms: one for William S. Middleton Memorial Veteran's Hospital; and one for Costco Wholesale. Ward Decl., ¶ 4. She provided incomplete releases for her military records and for her worker's compensation file. Defendant returned the incomplete forms and requested that Marquardt complete and sign them. Ward Decl., ¶ 5, Ex. 10, at 5-6. To date, Defendant has not received completed forms. Ward Decl. ¶ 5.

Defendant's requests for the releases are reasonable and designed to elicit basic information about Marquardt's claims and alleged damages. Although Marquardt appears to argue that Defendant's requests for medical and military records are overbroad, she hasn't explained why she believes this is the case. *See, e.g.*, Ward Decl., ¶ 3.e., Ex. 7.

In fact, Defendant's discovery is of appropriate scope. Marquardt has alleged that she was subject to discrimination by the VA based on her age and disabilities, including a history of cancer and more recent knee injuries. ECF 8 at 2-3. Her alleged damages include "mental anguish." *Id*. at 4. In view of these claims, Defendant requested an identification of all medical providers who have treated her for: 1) the disabilities she alleges were the basis of discrimination by the VA; and 2) any "mental anguish" for which she claims damages.[7] Defendant has requested releases only for these providers. Ward Decl., ¶ 2, Ex. 1, Interrogatory Nos. 15-16; Ex. 2, Request Nos. 14-15, 18. Thus, the requested medical releases are narrowly tailored to obtain relevant records. *See Roth v. Heinzel*, No. 08-cv-473, 2009 WL 224686, *1 (W.D. Wis. Jan. 30, 2009) (medical records pertaining to injuries alleged as basis of lawsuit relevant "regardless of date").

Similarly, in support of her hostile work environment claim, Marquardt alleges that she was not allowed to use her leave, including sick leave and military leave. ECF 7 at 6, 9. Given these allegations, Defendant has requested Marquardt's military records to determine if, and when, Marquardt was on military duty. Ward Decl., ¶ 2, Ex. 2, Request No. 18.

The full scope of the requested employee records is also relevant and discoverable. In response to Interrogatory 13, Marquardt alleges, "… before I was fired

---

[7] Complete medical records on this topic are particularly important, given that Marquardt's narrative response to Interrogatory No. 13 indicates that her "PTSD, depression and anxiety symptoms have worsened since [she was terminated]." Ward Decl., ¶ 4, Ex. 8.

16

[from the VA] … I was a highly regarded employee and a frequently requested agency nurse in three different major cities." Ward Decl., ¶ 2, Ex. 8. Defendant should be permitted to test this allegation through discovery. *See Langenfeld v. Armstrong World Industries, Inc.*, No. 13-cv-469, 2014 WL 287386, *2-3 (S.D. Ohio Jan. 24, 2014) (where plaintiff implicated past satisfactory performance, she "opened the door" to discovery of her prior employment records related to performance, discipline, reviews, complaints, and termination).

The Court should compel Marquardt to furnish the requested release forms.

## C. Defendant's Attempts to Gain Marquardt's Compliance Without Court Intervention Have Been Met With Delays and Excuses

Defendant has agreed to two extensions of the discovery deadlines, and when those deadlines were not met, attempted to confer in good faith with Marquardt regarding her obligation to provide responses. Ward Decl., ¶¶ 3, 5, 6. Marquardt's responses were originally due on the extended deadline of May 31, 2024, to which Defendant agreed because of Marquardt's alleged medical issues and her representation that she was "still working on completing the Discovery questions." *Id.*, ¶ 3, Exs. 3, 4, 7. The responses Marquardt finally did provide were negligible; she appears to have made little serious effort to meet her discovery obligations. Defendant made one last attempt to gain compliance by providing authority and explanations to assist her in properly supplementing her responses. Those supplemental responses were due June 20, 2024 – nearly 3 months from the original deadline – and that date came and went without any word from Marquardt. *Id.*, ¶ 5.

17

Marquardt's excuses do not provide adequate justification for failing to respond to Defendant's discovery. *See, e.g., Young v. Yellen*, No. 19-cv-2384, 2021 WL 5862099, *5 (W.D. Tenn. Aug. 4, 2021) (alleged health issues did not absolve pro se plaintiff from complying with court orders or discovery obligations). Marquardt's continued failure to provide documents, as well as her refusal to provide executed releases, is interfering with Defendant's ability to prepare a defense to her claims within the case schedule set by the Court.

"Although responding to defendants' requests may seem difficult and time-consuming, plaintiff is the party who initiated this lawsuit and therefore has the obligation to abide by the Federal Rules of Civil Procedure and respond to all discovery requests that are properly made." *Gruber v. City of Portage*, No. 16-cv-664, 2018 WL 1175337, *2 (W.D. Wis. Mar. 5, 2018).

## CONCLUSION

For these reasons, Defendant respectfully requests that the Court enter an Order requiring Marquardt to fully and completely respond to Defendant's Interrogatories and Requests for Production of Documents within two weeks of the Court's decision on this motion.

Dated June 26, 2024.

        Respectfully submitted,

        TIMOTHY M. O'SHEA
        United States Attorney
        By:

        */s/Wendy Ward*
        WENDY WARD
        BARBARA L. OSWALD
        Assistant United States Attorneys
        222 West Washington Ave., Suite 700
        Madison, Wisconsin 53703
        (608) 264-5158

Of counsel:
Gina M. Ozelie
Staff Attorney
Office of General Counsel – Midwest District
U.S. Department of Veterans Affairs
(202) 615-5488