IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NANCY L. MARQUARDT,

        Plaintiff,

v.

DENIS R. McDONOUGH, Secretary,
Department of Veterans Affairs,

        Defendant.

OPINION AND ORDER

21-cv-393-wmc

---

Plaintiff Nancy L. Marquardt, representing herself, is proceeding in this action on age discrimination and hostile work environment claims under the Age Discrimination in Employment Act, and on a disability discrimination claim under the Rehabilitation Act. (Dkt. #8.) Marquardt's claims arise out of her period of employment at the U.S. Department of Veterans Affairs ("VA") Medical Center in Milwaukee. This order addresses defendant's motion to compel responses to interrogatories and Requests for Production ("RFPs") (dkt. #35) and Marquardt's motions for an extension of time (dkt. #42) and appointment of counsel (dkt. #43). Having considered the parties' submissions, the court grants defendant's motion in part and orders Marquardt, within 21 days of the date of this order, to supplement her responses to Interrogatories 1-7, 9, 11, 18, and 19, and to RFPs 1-13, 17, and 18. Marquardt's motions for an extension and appointment of counsel are denied.

OPINION

**I. Defendant's Motion to Compel**

Defendant seeks more detailed responses to Interrogatories 1-7, 9, 11, 18, and 19,

and RFPs 1-14 and 16-18. (Dkt. #41, at 1.) Defendant also asks that Marquardt answer her interrogatories under oath, as required by Federal Rule of Civil Procedure 33. (Dkt. #36, at 12.) Marquardt asserts that she has responded to all of defendant's discovery requests to the best of her ability and is otherwise unable to access certain documents requested by defendant. (Dkt. #40.)

As a starting premise, the court has broad discretion over pretrial discovery rulings. *Thermal Design, Inc. v. American Soc'y of Heating, Refrigerating and Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014). Discovery under Rule 26 is also broad, and relevant information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). Before restricting discovery, the court should consider the totality of the circumstances, balancing the value of the materials sought against the burden of providing them. The court must limit the frequency or extent of discovery otherwise allowed if the discovery sought is unreasonably cumulative or duplicative. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). If a party has provided the information sought by its opponent in one set of documents, it is not obligated to provide it again in a second set of documents. *Bell v. Taylor*, 827 F.3d 699, 711 (7th Cir. 2016).

With these propositions in mind, the court considers each of defendant's requests that remain in dispute and plaintiff's responses, beginning with defendant's interrogatories.

A. Interrogatories

**Interrogatories No. 1-7:** These interrogatories concern plaintiff's contentions in her suit. In response, plaintiff pointed to the responses she provided to an Equal Employment Opportunity Commission ("EEOC") investigator in 2019 and her EEOC case file.

2

Defendant contends that plaintiff cannot simply point to the responses she provided to the EEOC investigator in 2019 and her case file in general. (Dkt. #36, at 8-9.)

Federal Rule of Civil Procedure 33 permits parties to present contention interrogatories that request "an opinion or contention that relates to fact or the application of law to fact[.]" Fed. R. Civ. P. 33(a)(2). Parties must respond to each interrogatory "fully" and cannot answer by generally referring to outside materials. Fed. R. Civ. P. 33(b)(3); *Equal Rights Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 35 (D.D.C. 2007). In her responses, Marquardt recognizes that her answers may not be proper and offers to update them upon request. (Dkt. #37-8, at 2.) However, she notes her intent to "communicate the same information as presented to the EEOC investigator in 2019" and refers defendant to the EEOC report and case notes in the interim. (*Id*.)

At bottom, Marquardt has not met her burden to timely respond to defendant's discovery requests with respect to Interrogatories 1-7, nor has she provided any timeline by which defendant can expect a response. Accordingly, the court compels plaintiff to respond to these interrogatories, without general references to outside materials including her EEOC case file, within **21 days** of the date of this order.

**Interrogatory No. 9:** This interrogatory asks plaintiff to describe with particularity her attempts to obtain employment after being terminated from the VA, including the names and addresses of employers to whom she applied or inquired about a job, the dates of those applications or inquiries, the disposition of such outreach, and her reasons for not accepting any employment. In response, plaintiff provided a general narrative describing her attempts to secure employment, online job applications, job fair attendance, and

general numerical estimates of job applications and interviews she obtained. (Dkt. 37-8, at 2-3.) She also notes that she can no longer access her full job application history on USAJobs, a federal government online job application portal, but can presently review "a few hundred job applications." (*Id*.)

Defendant now contends that her response must be supplemented. (Dkt. #36, at 10.) The court agrees. Although the court understands that Marquardt may have issues accessing all of her job applications on USAJobs due to that website's retention policies (dkt. #42), she is still obligated to provide the information that she *can* access. Similarly — as noted below—Marquardt must produce any emails, letters, digital or physical calendar entries, or other materials supporting her factual assertions regarding her job search.

**Interrogatory No. 11:** This interrogatory asks Marquardt to identify each individual with knowledge or information related to her claims. In response, Marquardt only listed categories of individuals rather than any single individual aside from the EEOC investigator on her case, whom she does not identify by name. (Dkt. #37-8, at 3.) That response is plainly insufficient, and Marquardt does not provide any reason for failing to identify any individuals whose identities would be responsive to the interrogatory with particularity. Marquardt must supplement her response to this interrogatory with the identities of any individuals with knowledge or information related to her claims.

**Interrogatory No. 18:** This interrogatory asks Marquardt to identify any other claims of discrimination she has brought against any employers or supervisors who she claimed retaliated against her on the basis of any protected characteristic. In response,

4

Marquardt identified "[n]o other claims." (Dkt. #37-8, at 8.) However, that answer is at odds with her response to Interrogatory 19, which identifies a relevant employment discrimination complaint against the University of Wisconsin Medical Foundation. (*Id*.) Such evidence is relevant to Marquardt's claim. *Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 496 (7th Cir. 1998). Marquardt must supplement her response to this interrogatory with any relevant claims, which would appear to include the complaint she references in Interrogatory 19.

**Interrogatory No. 19:** This interrogatory asks Marquardt whether she has been a party to any complaints, lawsuits, or legal actions—civil, criminal, or administrative—and if so, to identify the specific nature of the action and its disposition. Marquardt generally identifies the above-noted employment discrimination complaint, a small claims complaint against a landlord, a complaint against a yard contractor, and her mother's probate case. (Dkt. #37-8, at 8-9.) While obliquely disputing the adequacy of Marquardt's descriptions, defendant objects to her response because she has not verified her submissions. (Dkt. #36, at 12.)

Because defendant has not raised any specific objections to this interrogatory, the court will not compel any substantive supplementation. However, plaintiff must respond to *all* of defendant's interrogatories under oath. Fed. R. Civ. P. 33(b)(3). This can be done by including a signed verification at the end of plaintiff's responses that states: "I declare under penalty of perjury that the facts contained in these responses are true and correct to the best of my knowledge." Plaintiff must swear to the veracity of *all* discovery responses moving forward.

5

B. **Requests for Production**

Turning to defendant's RFPs, Marquardt was served with nineteen requests. While not objecting to any RFPs, Marquardt contends that she "did not have time to properly answer" them (dkt. #37-9, at 4) despite receiving multiple extensions from defendant. Defendant now asks the court to order Marquardt to respond to RFPs 1-14 and 16-18 or supplement her otherwise deficient responses. (Dkt. #36, at 13.)

As a threshold matter, defendant has not provided the court with the RFPs actually served on Marquardt. The exhibit containing the RFPs that was filed with the court includes only the first cover page of the document. (Dkt. #37-2). To the extent the parties' filings describe the substance of these RFPs, the court relies on them below. However, the court's analysis of each RFP or set thereof is necessarily cabined to the information currently before it, which the court will address in turn:

**RFPs No. 1-8, 10, and 13**: In response to each of these requests, Marquardt provides a "boilerplate referral" to her EEOC file. (Dkt. #37-10, at 5 and Dkt. #37-9, at 1-3.) As with her interrogatory responses, a general reference to a broader set of documents is not an appropriate response to a targeted request for production. To the extent that Marquardt is relying on documents within her EEOC file to respond to defendant's request, she is ordered to identify those documents with enough specificity to allow defendant to readily locate them. *Kline v. Berry*, 287 F.R.D. 75, 80 (D.D.C. 2012). Marquardt must also produce any other non-duplicative responsive documents within her possession, custody, or control. Fed. R. Civ. P. 34(a)(1). If any responsive documents have been lost or destroyed, she must explain when and how that occurred.

**RFP No. 9**: In this request, defendant asks for Marquardt's W-2s and federal and state income tax returns for the period between 2018 and 2023. (Dkt. #37-10, at 5.) While not specifically objecting to this request, Marquardt has only produced portions of her W-2s connected with her current employment. (Dkt. #41, at 5.)

Income tax returns are not inherently privileged. *See Valero Energy Corp. v. United States*, 569 F.3d 626, 630 (7th Cir. 2009) (preparing tax returns is an accounting rather than legal service; the information transmitted so that it might be used on a tax return is not privileged). However, they do generally contain sensitive information, and the relevance of Marquardt's prior tax returns is not immediately obvious. Marquardt seeks repayment of her lost wages and social security contributions. (Dkt. #7, at 4). She also seeks punitive damages. It is not clear whether Marquardt is seeking other damages—*e.g.*, whether she claims her termination negatively affects her current earning potential. Nevertheless, with various damages in play, the court is persuaded that the requested tax documents are relevant and should not be overly onerous to produce. Marquardt is ordered to produce complete copies of her W-2s and federal and state income tax returns for the years requested.

**RFP No. 11**: In this request, defendant asks for all documents and communications relating to Marquardt's job search since October 19, 2018. In response, Marquardt directed defendant to her EEOC file, which is insufficient for the reasons discussed above. As noted with respect to Interrogatory No. 9, Marquardt has a duty to locate and provide copies of all responsive documents relating to her job search— including any applications, emails, letters, digital or physical calendar entries, or other materials supporting her factual

7

assertions regarding her job search—that she *can* access and is, accordingly, ordered to do so.

**RFP No. 12**: In this request, defendant asks for all documents related to any formal or informal discrimination complaints Marquardt has filed. Again, because such documents are relevant to Marquardt's claim, the court is ordering her to produce what exists and is in her possession, custody, or control. Fed. R. Civ. P. 34(a)(1). However, she is not required to search for and seek documents from other people or entities.

**RFP No. 14**: In this request, defendant seeks signed release forms for each VA medical provider who treated plaintiff for the disabilities she cites as the basis of discrimination by the VA. Although a party has an interest in protecting the confidentiality of her medical records, that interest is waived when the party has filed a lawsuit premised, in part, on her medical condition. *Vogelsberg v. Kim*, No. 17-CV-596-JDP, 2019 WL 3802874, at *4 (W.D. Wis. Aug. 13, 2019), *aff'd*, No. 20-2926, 2022 WL 1154767 (7th Cir. Apr. 19, 2022) ("'plaintiffs who place their medical condition at issue waive any applicable privileges or statutory protections that their medical records would have otherwise had'" (citation omitted)). That said, this court generally does not compel a party to disclose confidential, medical, or psychiatric information if she does not want to, but if a party chooses to withhold relevant information, that choice will have consequences. This court routinely dismisses claims when a plaintiff withholds relevant records based on confidentiality concerns. This case is no exception: Marquardt's claims may be dismissed if she chooses not to produce records—or provide defendant with access to those records— relevant to her claims.

**RFP No. 16**: This request seeks signed releases for each non-federal employer by whom Marquardt was employed between March 4, 2008 and present. Pointing to Marquardt's interrogatory response claiming that she was a "highly regarded employee and a frequently requested agency nurse in three different major cities[,]" defendant seeks to obtain records from her previous employers. Defendant identified at least seven non-federal employers who Marquardt claims previously employed her in her federal personnel file. (Dkt. #37-10, at 6.) Marquardt, in turn, argues that defendant has received all requested documents from her current employer. It is undisputed that she *has* provided release forms for her current employer and the William S. Middleton Memorial Veterans Hospital.

By implicating her past satisfactory job performance, Marquardt has opened the door to discovery of her prior employment records relating to her performance, discipline, reviews, complaints, and termination. Following the reasoning articulated immediately above, the court will not compel Marquardt to provide the releases for her confidential employment files, but she is cautioned that her claim for damages arising out of "damaged reputation" may be dismissed if she refuses defendant access to relevant information, including performance reviews from her prior employers.

**RFP No. 17 and 18**: In these requests, defendant seeks fully executed releases for the United States Department of Labor and for Marquardt's military records. With the former, defendant seeks to obtain information relating to Marquardt's participation in programs administered by the Office of Workers' Compensation Programs; as to the latter, defendant is presumably pursuing Marquardt's military records as further evidence related

9

to the reputational damages she claims.  In both cases, Marquardt has failed to provide answers to certain required questions on the release forms.  (Dkt. #37-10, at 6.)  Because each of those sets of records are relevant to Marquardt's damages, she must provide fully completed releases or otherwise face dismissal of those claims.

### C. Summary

To recap, the court is ordering Marquardt to the best of her ability and within 21 days of this order, to supplement her responses to Interrogatories 1-7, 9, 11, 18, and 19 *under oath*, and to respond to RFPs 1-13,, 17, and 18 as set forth above.  Marquardt should indicate in her responses if a requested document does not exist or if a request for information is not applicable.

## II. Marquardt's Motion for Appointment of Counsel

Finally, Marquardt once again seeks the court's assistance in appointing the VA's Office of Resolution Management, Diversity & Inclusion ("ORMDI") to act on her behalf in this case.  (Dkt. #43.)  As Judge Conley noted in his May 7, 2024 text order (dkt. #30), the court cannot require ORMDI to represent Marquardt in this case, nor can it order an attorney to accept a pro bono appointment in a civil case.  Though Marquardt references communications with law firms whose assistance she has sought, she has not provided the court with any materials that would allow it to assess how reasonable her efforts have been. *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992).

In support of Marquardt's motion seeking counsel, she states that she has "many unanswered legal questions" and is "presently being harassed by [d]efendant's attorney."

10

(Dkt. #43.)  Although responding to defendant's requests may seem difficult and time-consuming, Marquardt initiated this lawsuit, and she has the obligation to follow the Federal Rules of Civil Procedure and respond to all properly made discovery requests.  In the absence of a showing that she made reasonable efforts on her own to find a lawyer to represent her or that the legal and factual difficulty of the case exceeds her ability to prosecute it, her motion must be denied.  *Pruitt v. Mote*, 503 F.3d 647, 654, 655 (7th Cir. 2007) (en banc).

ORDER

IT IS ORDERED that:

1) Defendant's motion to compel discovery (dkt. #35) is GRANTED IN PART and DENIED IN PART as set forth above.  **September 9, 2024** is plaintiff's deadline to provide the information ordered by the court.

2) Plaintiff's motions for an extension of time (dkt. #42) and appointment of counsel (dkt. #43) are DENIED.

Entered this 19th day of August, 2024.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge